UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHNATHON F.,

               Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

               Defendant.

Case No. C22-6006 RSM

**ORDER REVERSING AND REMANDING DENIAL OF BENEFITS**

Plaintiff seeks review of the denial of his applications for Supplemental Security Income. Plaintiff contends the ALJ erred by rejecting his symptom testimony and Dr. Widlan's medical opinion. Dkt. 13. As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

BACKGROUND

Plaintiff is 27 years old, has a limited education, and no past relevant work. Admin. Record (AR) 28. On April 7, 2020, Plaintiff applied for benefits, alleging disability as of January 1, 2017. AR 91, 105. Plaintiff's application was denied initially and on reconsideration. AR 101, 119. After the ALJ conducted a hearing on November 4, 2021, where Plaintiff amended his alleged onset date to April 7, 2020, the ALJ issued a decision finding Plaintiff not

ORDER REVERSING AND REMANDING
DENIAL OF BENEFITS - 1

disabled.  AR 12–67.

## DISCUSSION

The Court may reverse the ALJ's only if it is legally erroneous or not supported by substantial evidence of record.  *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020).  The Court must examine the record but cannot reweigh the evidence or substitute its judgment for the ALJ's.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  When evidence is susceptible to more than one interpretation, the Court must uphold the ALJ's interpretation if rational.  *Ford*, 950 F.3d at 1154.  Also, the Court "may not reverse an ALJ's decision on account of an error that is harmless."  *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

### 1. Plaintiff's Symptom Testimony

Plaintiff testified he is unable to work because of his mental health, specifically his inability to leave the house unaccompanied without feeling paranoid or experiencing panic attacks.  *See* AR 46–55.  Plaintiff explained that as a result of his condition, he has to run errands with his roommate and attends medical appointments over the telephone.  AR 49, 57.  Plaintiff also testified he has trouble concentrating and remembering, and has uncontrollable angry outbursts.  AR 43–44, 59.

Where, as here, an ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence.  *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017).  "The standard isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince."  *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022)

|   |   |
|---|---|
| 1 | The ALJ first rejected Plaintiff's testimony because it was inconsistent with medical |
| 2 | evidence.  AR 22.  An ALJ may reject a claimant's symptom testimony when it is contradicted |
| 3 | by the medical evidence.  *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th |
| 4 | Cir. 2008) (citing *Johnson v. Shalala,* 60 F.3d 1428, 1434 (9th Cir.1995)).  Here, the ALJ relied |
| 5 | mainly on Plaintiff's presentations during his psychotherapy sessions and mental status findings |
| 6 | from his psychological examinations completed by Dr. DiVittore and Dr. Widlan.  AR 23.  The |
| 7 | ALJ noted Plaintiff was observed as open, friendly, and calm during his monthly appointments. |
| 8 | *See* AR 379–96.  The ALJ also highlighted Dr. DiVittore's notes about Plaintiff's cooperative |
| 9 | behavior, normal speech, forthcoming attitude and behavior, linear thought process, intact |
| 10 | orientation, and normal memory, concentration, insight, and judgment.  AR 306–10.  The ALJ |
| 11 | similarly highlighted Dr. Widlan's notes regarding Plaintiff's appearance, ability to make goal- |
| 12 | directed statements and follow the interview, and normal recall, memory, fund of knowledge, |
| 13 | insight and judgment, and ability to complete serial tasks with only one error.  AR 414–15. |
| 14 | However, the ALJ did not explain how Plaintiff's presentation necessarily contradicts Plaintiff's |
| 15 | statements about his anxiety and inability to step outside his home unaccompanied, and sudden |
| 16 | angry outbursts. |
| 17 | The ALJ also focused on one session where Plaintiff reported being fine (AR 383), but |
| 18 | ignores the rest of that treatment note, as well as other treatment notes throughout the record, |
| 19 | which shows Plaintiff was continuously observed as upset, angry, and struggling with his |
| 20 | condition.  *See* AR 379–96.  The ALJ also side-steps the physicians' other findings, which |
| 21 | further substantiate Plaintiff's testimony, rather than negate it.  For example, the ALJ did not |
| 22 | acknowledge that Dr. DiVittore found Plaintiff overall markedly limited in basic work |
| 23 | functioning based on his mental impairments.  AR 309.  Dr. DiVittore also observed Plaintiff's |

ORDER REVERSING AND REMANDING
DENIAL OF BENEFITS - 3

thought process and content, orientation, and perception were not within normal limits, noting Plaintiff seemed hypervigilant, paranoid, and detached, and often responded to his questions with anxiety. AR 309–10. The ALJ similarly brushed aside Dr. Widlan's notations about Plaintiff's "noteworthy" behavior, such as his agitation, and Plaintiff's "likely struggle with judgment during periods of stress." AR 413. Overall, the medical evidence the ALJ relied on appears more in line, rather than inconsistent, with Plaintiff's testimony about his mental health and how it affects his functioning. The ALJ's rationale is not supported by substantial evidence, therefore in rejecting Plaintiff's testimony based on its inconsistency with the medical record, the ALJ erred.

The ALJ also rejected Plaintiff's testimony based on Plaintiff's activities. *See* AR 23. An ALJ may reject a plaintiff's symptom testimony based on his or her daily activities if they contradict his or her testimony. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)). However, the ALJ's reasoning falls short here as well. The ALJ specifically pointed to Plaintiff's ability to manage self-care, perform household chores, read, manage finances, and shop accompanied, but the majority of these activities are those Plaintiff stated to partaking in during the hearing. *See* AR 45–57. The Court finds no contradictions between the activities the ALJ cited and Plaintiff's testimony, therefore the ALJ erred in rejecting Plaintiff's testimony for this reason.

The ALJ also suggested Plaintiff's testimony is not credible because Plaintiff was not taking any medication. AR 23, 267. Defendant correctly points out the ALJ can consider a claimant's inability to follow a prescribed treatment when evaluating a claimant's symptoms, but Plaintiff's record includes discussion about the effectiveness of certain medication on his mood and anger, indicating Plaintiff was in fact taking medication. *See* Dkt. 16 at 3 (citing Social

ORDER REVERSING AND REMANDING
DENIAL OF BENEFITS - 4

Security Ruling 16-3p); AR 432–459.  Considering the conflicting evidence regarding Plaintiff's compliance with his treatment, the Court cannot say the ALJ reasonably rejected Plaintiff's testimony based on Plaintiff's refusal to take medication.

### 2.     Medical Opinion Evidence

Plaintiff contends the ALJ erred in evaluating the medical opinion of Dr. Widlan.  Dkt. 13 at 6–9.

For applications filed after March 27, 2017, ALJs must consider every medical opinion in the record and evaluate each opinion's persuasiveness, with the two most important factors being "supportability" and "consistency."  *Woods v. Kijakazi*, 32 F.4th 785, 791 (9th Cir. 2022); 20 C.F.R. § 416.920c(a).  Supportability concerns how a medical source supports a medical opinion with relevant evidence, while consistency concerns how a medical opinion is consistent with other evidence from medical and nonmedical sources.  *See id.*; 20 C.F.R. § 416.920c(c)(1), (c)(2).  Under the new regulations, "an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Woods*, 32 F.4th at 792.

Dr. Widlan opined Plaintiff has moderate issues in memory and concentration, with significant deficits in social reasoning.  AR 416.  He opined that while Plaintiff may be able to cognitively accept instruction, "he clearly cannot persist with adequate pace" and would be "easily overwhelmed by task demands."  *Id*.  He further opined Plaintiff cannot negotiate simple social stressors on a consistent and routine basis, is unable to apply information in a competitive setting, and cannot interact with others without threat of decompensation.  *Id*.

The ALJ accepted Dr. Widlan's opinion regarding Plaintiff's moderate limitations, but rejected the rest as it was largely based on Plaintiff's self-reported limitations.  AR 4–5.  But the

ALJ mischaracterized the opinion, as the record shows Dr. Widlan also conducted his own mental status examination and reviewed Plaintiff's records from 2019 and onwards. *See* AR 412. Thus, in rejecting Dr. Widlan's opinion for this reason, the ALJ erred. *See Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017) (noting that psychiatric "[d]iagnoses will always depend in part on the patient's self-report, as well as on the clinician's observations of the patient").

The ALJ also rejected Dr. Widlan's opinion because it was unsupported by Dr. Widlan's own findings. AR 27. Specifically, the ALJ pointed to Dr. Widlan's notes about Plaintiff's ability to make goal-directed statements and follow the interview, and normal recall, memory, fund of knowledge, insight and judgment, and ability to complete serial tasks and interpret basic abstraction with only one error. AR 27, 414–15. However, Plaintiff's presentation during the evaluation does not undermine his inability to handle instructions with adequate pace, handle demanding tasks, interact with others, and generally work in a competitive setting.

The ALJ further rejected Dr. Widlan's opinion because Plaintiff was not compliant with the recommendation that he attend vocational training, and no other opinions indicated similar "extreme limitations." AR 27. In doing so, the ALJ merely provides these conclusory statements without showing his reasoning is supported by substantial evidence. For example, the ALJ does not explain how Plaintiff's non-compliance with the recommended training necessarily undermines Dr. Widlan's proposed limitations based on Plaintiff's mental diagnoses. The ALJ also fails to direct the Court as to which opinions he considered as inconsistent with Dr. Widlan's. *See* AR 27. Defendant attempts to list other opinions and administrative findings throughout the record to support the ALJ's reasoning, but the Court may only affirm an ALJ's decision based on the reasons actually given, "not *post hoc* rationalizations that attempt to intuit

what the adjudicator may have been thinking." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225–26 (9th Cir. 2009) (citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947)).  As the ALJ provided none here, the Court is unable to determine if the ALJ properly considered the evidence.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).  On remand, the ALJ should reevaluate Plaintiff's symptom testimony and the medical opinion evidence.

DATED this 20th day of June, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE